"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEFFREY BASH,                        )   Case No. CV 05-5178 (RNB)
                                     )
                  Plaintiff,         )
                                     )
          vs.                        )   MEMORANDUM OPINION DENYING
                                     )   PLAINTIFF'S PETITION FOR EAJA
JO ANNE B. BARNHART,                 )   FEES; AND ORDER THEREON
Commissioner of Social Security,     )
                                     )
                  Defendant.         )
                                     )
─────────────────────────────       )

        Now pending before the Court and ready for decision is plaintiff's Petition for

Attorney Fees and Expenses Under the Equal Access to Justice Act ("EAJA").

        In its opposition to plaintiff's fee petition, the Government does not contend

that the petition was untimely, or challenge plaintiff's status as a prevailing party.

Instead, the Government contends that plaintiff's fee petition should be denied in its

entirety because the Commissioner's position was substantially justified.

Alternatively, the Government contends, if EAJA fees are to be awarded, the amount

requested by plaintiff should be reduced because the hours of attorney time and

paralegal time which plaintiff's counsel claims to have expended are excessive and

not reasonable.

        Plaintiff failed to file a reply to the Government's opposition, despite being

afforded the opportunity to do so.

1

# DISCUSSION

The EAJA provides in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The term "position" includes the underlying agency action and the legal position of the Government during litigation. Andrew v. Bowen, 837 F.2d 875, 878 (9th Cir. 1988). Although the burden is on the Government to prove substantial justification (Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1987)), Congress has made it clear that there is no presumption that the Government's position was not substantially justified merely because it lost the case (see S. Rep. No. 96-253, 96th Cong., 1st Sess. 7 and H.R. Rep. No. 96-418, 96th Cong., 2d Sess. 11, reprinted in 1980 U.S. Code Cong. & Ad. News 4953, 4490; see also United States v. Marolf, 277 F.3d 1156, 1162 (9th Cir. 2002); Kali v. Bowen, 854 F.2d 329, 334 (9th Cir. 1988)).

In Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 181 L. Ed. 2d 490 (1988), the Supreme Court held that the statutory phrase "substantially justified" does not mean "justified to a high degree." Rather, it means "justified in substance or in the main," or in other words "justified to a degree that could satisfy a reasonable person." The Supreme Court further held that this interpretation of the phrase was equivalent to the formula adopted by the Ninth Circuit Court of Appeals, i.e., "a reasonable basis both in law and fact."

///

2

1    Here, with respect to the one disputed issue raised in the Joint Stipulation, the
2    Court rejected plaintiff's contentions that the Administrative Law Judge ("ALJ") erred
3    in construing Dr. Curtis' November 15, 2004 assessment as imposing more severe
4    limitations than Dr. Curtis' August 11, 2003 evaluation and assessment, and in
5    crediting Dr. Curtis' August 11, 2003 evaluation and assessment over the November
6    15, 2004 assessment; and that the ALJ "did not understand the significance of slight
7    to moderate mental limitations in workers' compensation terminology." While the
8    Commissioner thus prevailed on plaintiff's principal contentions, the Court concluded
9    that reversal of the Commissioner's decision still was warranted because the ALJ had
10   never posited to the vocational expert an individual having a 20-50% loss of pre-
11   injury capacity in the areas of mental functioning as to which Dr. Curtis had assessed
12   plaintiff's impairment as "slight-to-moderate" in his August 11, 2003 evaluation and
13   assessment. Rather, in the one hypothetical which the ALJ presumably had intended
14   to correspond to the limitations assessed by Dr. Curtis in his August 11, 2003
15   evaluation and assessment--i.e., hypothetical four, the ALJ had defined "moderate"
16   as "a noticeable impairment that's going to affect but not preclude." The ALJ thus
17   had conflated in this hypothetical the workers' compensation definition of "slight"
18   with the workers' compensation definition of "moderate."

19   For the reasons stated by the Government in its opposition papers to which
20   plaintiff failed to file a reply, the Court finds in this instance that, taken as a whole,
21   the Commissioner's position at the administrative level and during the litigation of
22   this action was substantially justified in that it had a reasonable basis in both law and
23   fact.

24   The Court's finding with respect to the substantial justification issue renders it
25   unnecessary at this time for the Court to reach the Government's alternative
26   contention that the hours plaintiff's counsel claims to have expended are excessive
27   and not reasonable.

28   ///

3

**ORDER**

Plaintiff's Petition for Attorney Fees and Expenses Under the Equal Access to Justice Act therefore is DENIED.


DATED:   __August 30, 2006__


                                    __/S/_____
                                    ROBERT N. BLOCK
                                    UNITED STATES MAGISTRATE JUDGE

4